IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADIN T. DOBKIN<br>130 New York Ave Apt 1.<br>Brooklyn, NY 11216<br><br>   Plaintiff,<br><br>  v.<br><br>NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION<br>700 Pennsylvania Avenue NW,<br>Washington, DC 20408<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No:22-cv-2213<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Adin T. Dobkin ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., by National Archives and Records Administration (hereinafter "NARA") in failing to provide Plaintiff with all non-exempt records responsive to his March 14, 2022, FOIA request sent to this federal agency, seeking copies of records that discuss or describe a deceased individual identified as William Martin Hanson.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Adin T. Dobkin, is an individual that, at all times relevant herein, has resided in Brooklyn, New York.

5. Defendant National Archives and Records Administration is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13. On or about March 14, 2022, Plaintiff sent a FOIA request to the National Archives and Records Administration (NARA) seeking copies of records that discuss or

describe a deceased individual identified as William Martin Hanson.

14. On or about March 22, 2022, NARA sent an email to Plaintiff acknowledging Plaintiff's March 14, 2022, record request letter, indicating that it had located 300 potentially responsive records, and stating that the agency estimated that it would take 39 months to review the records for release.

15. On or about April 12, 2022, Plaintiff emailed Defendant NARA, requesting that if the agency has any updates on its estimated release date for the records sought in Plaintiff's March 14, 2022, FOIA request sent to that agency.

16. On or about April 12, 2022, Defendant NARA sent an email to Plaintiff, indicating that it was still processing other record requests from 2014, and did not provide an estimated completion date for Plaintiff's March 14, 2022, FOIA request described above.

17. On or about April 13, 2022, Plaintiff emailed Defendant NARA, requesting clarification as to whether the agency thought this request would take 39 or 96 months.

18. On or about April 13, 2021, Defendant NARA emailed Plaintiff, indicating that its best estimate for completion of Plaintiff's request was 39 months.

19. As of the date of the filing of this action ,Plaintiff has not received any of the records that he requested from his March 14, 2022, FOIA request, nor a final response decision for this FOIA request.

## VII. CLAIMS FOR RELIEF

20. Plaintiff realleges, as if fully set forth herein, paragraphs 1-19 previously set forth herein.

21. Defendant NARA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his March 14, 2022, FOIA request, and by failing to complete an adequate search which was reasonably calculated to locate all responsive records to this FOIA request.

22. By failing to provide Plaintiff with all non-exempt responsive record to his March 14, 2022, FOIA request as described in paragraph 13, and by failing to perform an adequate search for responsive records, Defendant NARA has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

23. Defendant NARA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's March 14, 2022, FOIA request at issue in this action.

24. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's March 14, 2022, FOIA request, Defendant NARA has denied Plaintiff's right to this information, as provided by law under the Freedom of Information Act.

25. Unless enjoined by this Court, Defendant NARA will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in

his FOIA request described in paragraph 13 above.

26. Plaintiff Dobkin is directly and adversely affected and aggrieved by Defendant NARA's failure to provide responsive records to his FOIA request described above.

27. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

28. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant National Archives and Records Administration has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his March 14, 2022, FOIA request.

2. Declare Defendant National Archives and Records Administration has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's March 14, 2022, FOIA request.

3. Direct by injunction that Defendant National Archives and Records Administration perform an adequate search for records responsive to his March 14, 2022, FOIA request, and provide Plaintiff with all non-exempt responsive records to Plaintiff's March 14, 2022, FOIA request.

4. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 27th day of July, 2022.

Respectfully submitted,

 /s/ Lance D. Quaranto
Lance D. Quaranto (OR0016)
Quaranto & Associates LLC
PO Box 5471
Eugene, Oregon 97405
(541) 393-8485
lance.d.quaranto@gmail.com

**Attorney for Plaintiff**

4. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 27th day of July, 2022.

Respectfully submitted,

 /s/ Lance D. Quaranto
Lance D. Quaranto (OR0016)
Quaranto & Associates LLC
PO Box 5471
Eugene, Oregon 97405
(541) 393-8485
lance.d.quaranto@gmail.com

**Attorney for Plaintiff**